UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DENNIS PAUL SHERRELL, JR., | No. 2:22–cv–0275–KJM–KJN PS |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS TO DISMISS |
| v. | |
| STATE OF CALIFORNIA, et al., | (ECF Nos. 1, 2) |
| Defendants. | |

Plaintiff, who is proceeding without counsel in this action, requests leave to proceed in forma pauperis ("IFP").[1]  (ECF No. 2.)  See 28 U.S.C. § 1915 (authorizing the commencement of an action "without prepayment of fees or security" by a person who is unable to pay such fees).

Under the IFP statute, the court must screen the complaint and dismiss any claims that are "frivolous or malicious," fail to state a claim on which relief may be granted, or seek monetary relief against an immune defendant.  28 U.S.C. § 1915(e)(2).  Further, the court has an independent duty to ensure it has subject matter jurisdiction in the case.  See United Investors Life Ins. Co. v. Waddell & Reed Inc., 360 F.3d 960, 967 (9th Cir. 2004).

///

///

---

[1] Actions where a party proceeds without counsel are referred to a magistrate judge pursuant to E.D. Cal. L.R. 302(c)(21).  See 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72.

1

Because the complaint fails to state a claim and its defects cannot be cured through amendment, the court recommends that the action be dismissed, and that plaintiff's application to proceed in forma pauperis be denied as moot.

**Legal Standards**

Pro se pleadings are to be liberally construed. Hebbe v. Pliler, 627 F.3d 338, 342 & fn. 7 (9th Cir. 2010) (liberal construction appropriate even post–Iqbal). Prior to dismissal, the court is to tell the plaintiff of deficiencies in the complaint and provide an opportunity to cure—if it appears at all possible the defects can be corrected. See Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) (en banc). However, if amendment would be futile, no leave to amend need be given. Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 339 (9th Cir. 1996).

Rule 8(a)[2] requires that a pleading be "(1) a short and plain statement of the grounds for the court's jurisdiction . . . ; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought, which may include relief in the alternative or different types of relief." Each allegation must be simple, concise, and direct. Rule 8(d)(1); see Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002) (overruled on other grounds) ("Rule 8(a) is the starting point of a simplified pleading system, which was adopted to focus litigation on the merits of a claim.").

A claim may be dismissed because of the plaintiff's "failure to state a claim upon which relief can be granted." Rule 12(b)(6). A complaint fails to state a claim if it either lacks a cognizable legal theory or sufficient facts to allege a cognizable legal theory. Mollett v. Netflix, Inc., 795 F.3d 1062, 1065 (9th Cir. 2015). To avoid dismissal for failure to state a claim, a complaint must contain more than "naked assertions," "labels and conclusions," or "a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007). In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Thus, a complaint "must contain sufficient factual matter, accepted as true, to state a

---

[2] Citation to the "Rule(s)" are to the Federal Rules of Civil Procedure, unless otherwise noted.

2

1  claim to relief that is plausible on its face." Id. "A claim has facial plausibility when the plaintiff
2  pleads factual content that allows the court to draw the reasonable inference that the defendant is
3  liable for the misconduct alleged." Id.
4      When considering whether a complaint states a claim upon which relief can be granted,
5  the court must accept the well-pled factual allegations as true, Erickson v. Pardus, 551 U.S. 89, 94
6  (2007), and construe the complaint in the light most favorable to the plaintiff, see Papasan v.
7  Allain, 478 U.S. 265, 283 (1986). The court is not, however, required to accept as true
8  "conclusory [factual] allegations that are contradicted by documents referred to in the complaint,"
9  or "legal conclusions merely because they are cast in the form of factual allegations." Paulsen v.
10  CNF Inc., 559 F.3d 1061, 1071 (9th Cir. 2009).
11      **Analysis**
12      Plaintiff's complaint against the State of California and several government officials[3]
13  contains vague claims related to the enactment of California's Proposition 64, which legalized
14  recreational marijuana in the state. See People v. Boatwright, 36 Cal. App. 5th 848, 853 (2019).
15  (See ECF No. 1 at 4.) As best the court can tell, plaintiff alleges that Proposition 64 allows
16  "Federal Racketeering Criminal Enterprises" to advertise cannabis products on billboards, which
17  hurts "Federal Agents" and generally "causes fear, [despair], and mental suffering." (See id.)
18  Plaintiff attaches photos of two offending billboards and a document indicating that he owns a
19  business called Sherrell Counter Terrorism. (Id. at 6-8.)
20      As the basis for this court's jurisdiction, plaintiff cites Article VI of the U.S. Constitution
21  (the Supremacy Clause), 18 U.S.C. Section 2, the Controlled Substances Act (CSA), and the
22  Racketeer Influenced and Corrupt Organizations Act (RICO). (Id. at 3.) In the attached civil
23  cover sheet, plaintiff describes his cause of action as "California Proposition 64 unconstitutional
24  (USA Cons[t]itution article VI)." (ECF No. 1.1.) For relief, plaintiff seeks: "judicial review of
25  ///
26

---

27  [3] In addition to the State of California, plaintiff names as defendants Attorney General Rob
   Bonta; Governor Gavin Newsom; Lieutenant Governor Eleni Kounalakis; and Chief Justice of the
28  California Supreme Court Tani Cantil-Sakauye. (ECF No. 1 at 1-2.)

cons[t]itution," "placement in witness security program," "hear California Proposition 64," and "Judicial Seal." (Id. at 4.)

Plaintiff's complaint should be dismissed because it fails to state a claim for which relief can be granted. See 28 U.S.C. § 1915(e)(2). None of the first three cited sources of jurisdiction confers a private right of action, and a RICO claim does not lie against state officials sued in their official capacity. In addition, plaintiff fails to establish standing to challenge the constitutionality of Proposition 64 and attempts to sue certain defendants who are immune from suit.

### 1. *No Private Right of Action under Criminal Code, Supremacy Clause, or CSA*

Plaintiff's citation to 18 U.S.C. § 2, a federal criminal statute which prohibits aiding and abetting, does not provide him with a civil cause of action. Plaintiff, as a private citizen, has no authority to bring claims under criminal statutes. See Allen v. Gold Country Casino, 464 F.3d 1044, 1048 (9th Cir. 2006) (no private right of action for violation of criminal statutes).

Primarily, it appears that plaintiff seeks a declaratory judgment that Proposition 64 violates his rights under the Supremacy Clause (art. VI of the Constitution)—presumably because he believes the CSA preempts Proposition 64. See Safe Streets All. v. Hickenlooper, 859 F.3d 865, 876 (10th Cir. 2017) (noting that despite Colorado's decriminalization of marijuana, it remains illegal under the CSA to manufacture, distribute, sell, and possess with intent to distribute marijuana); 21 U.S.C. § 812(c), Sched. I(c)(10). Courts have repeatedly rejected similar, and better articulated, attempts to use the Supremacy Clause to strike down marijuana decriminalization legislation in various jurisdictions. See Safe Streets All., 859 F.3d 865 (Amendment 64 to Colorado Constitution); Linsangan v. Gov't of Guam, 2019 WL 4247818, at *3-4 (D. Guam Sept. 6, 2019) (Guam Cannabis Industry Act of 2019), report and recommendation adopted, aff'd 2021 WL 6102173 (9th Cir. Dec. 22, 2021); Ruggles v. Ige, 2017 WL 427498, at *3 (D. Haw. Jan. 31, 2017) (Hawaii medical marijuana dispensary system). Courts reject these arguments because of the Supreme Court's clear holding that "the Supremacy Clause is not the source of any federal rights . . . and certainly does not create a cause of action." Armstrong v. Exceptional Child Center, Inc., 575 U.S.320, 324-25 (2015) (internal citations and quotation marks omitted). Rather, it is "a rule of decision," which "instructs courts what to do

when state and federal laws clash." Id.  Thus, the Supremacy Clause provides no independent basis for plaintiff's suit.

Similarly, to the extent plaintiff tries to assert a cause of action under the CSA alone, that statute also does not authorize private suits. "Although the Ninth Circuit Court of Appeals has not expressly addressed the issue, the district courts within the Ninth Circuit that have addressed it uniformly concluded that the CSA does not create a private right of action." Ruggles, 2017 WL 427498, at *4 (collecting cases); see Carter v. Inslee, 2016 WL 8738674, at *2 (W.D. Wash. June 30, 2016) (denying motion to preliminarily enjoin Washington state's medical marijuana legislation because, like the Supremacy Clause, "[t]he CSA also does not confer a right of action for citizen suits."). Courts in other circuits are in agreement. See Durr v. Strickland, 602 F.3d 788, 789 (6th Cir. 2010); Schneller v. Crozer Chester Med. Ctr., 387 Fed. App'x. 289, 293 (3d Cir. 2010); Smith v. Hickenlooper, 164 F. Supp. 3d 1286, 1290 (D. Colo. 2016) (finding no private right of action to enforce the CSA in suit challenging Colorado's recreational marijuana laws as preempted under the CSA and other federal laws), aff'd sub nom. Safe Streets All. v. Hickenlooper, 859 F.3d 865 (10th Cir. 2017).

"Congress passed the Comprehensive Drug Abuse Prevention and Control Act of 1970, Pub.L. No. 91–513, 84 Stat. 1236, to create a comprehensive drug enforcement regime it called the Controlled Substances Act, 21 U.S.C. § 801–971." Raich v. Gonzales, 500 F.3d 850, 854 (9th Cir. 2007). "Congress established five 'schedules' of 'controlled substances,'" whose placement is determined "based on their potential for abuse, their accepted medical use in treatment, and the physical and psychological consequences of abuse of the substance." Id. (citing 21 U.S.C. §§ 802(6), 812(b)). "Under the Controlled Substances Act, it is unlawful to knowingly or intentionally 'manufacture, distribute, or dispense, or possess with intent to manufacture, distribute, or dispense, a controlled substance,' except as otherwise provided in the statute." Id. at 855 (quoting 21 U.S.C. § 841(a)(1)).

Importantly, Congress made the CSA enforceable only by the Attorney General, the Department of Justice, and in rare circumstances State and local law enforcement officers.  See 21 U.S.C. §§ 871(a), 878(a), 882(c). "[T]here is nothing in the CSA which expressly permits

5

private enforcement of the Act's provisions." Smith, 164 F. Supp. 3d at 1292.

Although it is possible to sue in equity to enjoin unconstitutional government actions—that is, without invoking a specific legal cause of action—the power to do so "is subject to express and implied statutory limitations." Armstrong, 575 U.S. at 327. Where a statute implicitly precludes private enforcement and contains "judicially unadministrable" text, litigants cannot invoke a court's equitable powers to "circumvent Congress's exclusion of private enforcement." Id. at 328. As multiple courts have found, allowing a plaintiff to enjoin a state's less-restrictive marijuana legislation contravenes the CSA's design of centralized enforcement by state actors—not private citizens. See, e.g., Smith, 164 F. Supp. 3d at 1292-93; Carter, 2016 WL 8738674, at *2. Thus, plaintiff's suit also cannot proceed in equity to enjoin enforcement of Proposition 64.

### *2. RICO Claim*

The last cause of action discernable in plaintiff's complaint is a purported violation of RICO. Although plaintiff cites no specific statute, he likely intends to assert a violation of 18 U.S.C. § 1962(c), which states:

> It shall be unlawful for any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity or collection of unlawful debt.

Although plaintiff may bring a private civil action for RICO violations, see 18 U.S.C. § 1964(c), government entities and government employees acting in their official capacities are not subject to RICO liability. See Pedrina v. Chun, 97 F.3d 1296, 1300 (9th Cir. 1996) ("[G]overnment entities are incapable of forming the malicious intent necessary to support a RICO action."); see also Will v. Mich. Dep't of State Police, 491 U.S. 58, 71 (1989) ("[A] suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office. As such, it is no different from a suit against the State itself." (citations omitted)).

Plaintiff names four state officials as defendants, without explaining how any of them might be participating in racketeering activity—and without specifying whether they are being

sued in their individual or official capacities. (ECF No. 1 at 2.) However, given that plaintiff lists the name defendant as "The Great State of California" (id. at 1), and requests purely equitable relief rather than damages (id. at 4), the undersigned understands plaintiff to be suing these officials in their official capacity only. See Balzarini v. Ralph Diaz, 2020 WL 2527945, at *5 (C.D. Cal. Apr. 1, 2020) ("[T]o the extent a plaintiff seeks injunctive relief, such claims must be against the official in their official capacity." (citing Agua Caliente Bd. of Cahuilla Indians v. Hardin, 223 F.3d 1041, 1046 (9th Cir. 2000)); cf. Shoshone–Bannock Tribes v. Fish & Game Comm'n, Idaho, 42 F.3d 1278, 1285 (9th Cir. 1994) ("Where state officials are named in a complaint which seeks damages under 42 U.S.C. § 1983, it is presumed that the officials are being sued in their individual capacities.").

Because the State is not capable of forming the intent necessary to support a RICO claim, plaintiff's RICO claims fail as a matter of law. See Ruggles, 2017 WL 427498, at *5 (dismissing official-capacity RICO claims connected to Hawaii medical marijuana dispensary system).

### 3. Additional Standing & Immunity Issues

In addition to the above legal barriers to suit, the court also finds that plaintiff more broadly fails to establish his standing to challenge the constitutionality of Proposition 64 (assuming that is his intent). As summarized by the Ninth Circuit:

> Article III of the United States Constitution limits the power of the courts to the resolution of actual "Cases" and "Controversies." U.S. Const., art. III, § 2; Valley Forge Christian Coll. v. Ams. United for Separation of Church & State, Inc., 454 U.S. 464, 471, 102 S. Ct. 752, 70 L.Ed. 2d 700 (1982). "[T]he irreducible constitutional minimum of standing contains three elements": (1) injury in fact, (2) causation, and (3) redressability. Lujan v. Defenders of Wildlife, 504 U.S. 555, 560–61, 112 S. Ct. 2130, 119 L.Ed. 2d 351 (1992). Thus, the party seeking to establish standing must show the "actual or imminent" "invasion of a legally protected interest" that is "fairly traceable to the challenged action" and is "likely . . . to be redressed by a favorable decision." Id. at 560–61, 112 S. Ct. 2130 (emphasis added) (alterations, citations, and quotation marks omitted). The party seeking to establish jurisdiction . . . bears the burden of demonstrating standing. DaimlerChrysler Corp. v. Cuno, 547 U.S. 332, 342 & n.3, 126 S. Ct. 1854, 164 L.Ed. 2d 589 (2006); Lujan, 504 U.S. at 561, 112 S. Ct. 2130.

Ass'n of Pub. Agency Customers v. Bonneville Power Admin., 733 F.3d 939, 969–70 (9th Cir. 2013) (emphasis omitted).

Here, plaintiff identifies no concrete injury that he has personally suffered. He merely alleges that Proposition 64 (or perhaps the billboards advertising cannabis products) generally causes "fear, [despair], and mental suffering." (ECF No. 1 at 4.) Plaintiff also asserts generalized harms suffered by "Federal Agents," but he does not allege himself to be a federal agent—notwithstanding his ostensible "counter terrorism" business. (See id. at 6.) "The mere 'observation of conduct with which one disagrees' is not an injury sufficient to confer Article III standing." Linsangan v. Guam, No. 20-15195, 2021 WL 6102173, at *1 (9th Cir. Dec. 22, 2021) (unpub.) (quoting Valley Forge Christian Coll., 454 U.S. at 485). The Supreme Court insists that federal courts "will not . . . 'entertain citizen suits to vindicate the public's nonconcrete interest in the proper administration of the laws.'" Massachusetts v. EPA, 549 U.S. 497, 516–17 (2007) (citation omitted). Plaintiff's failure to identify a "concrete and particularized" injury that is "actual or imminent" provides a further basis for dismissal. See Lujan, 504 U.S. at 560.

Finally, the court notes that all claims asserted against the State of California, itself, are barred by Eleventh Amendment immunity; and all claims against the Chief Justice of the California Supreme Court are barred by the doctrine of judicial immunity. See Kimel v. Florida Bd. of Regents, 528 U.S. 62, 73 (2000) ("[F]or over a century now, we have made clear that the Constitution does not provide for federal jurisdiction over suits against nonconsenting States."); Buffin v. California, 23 F.4th 951, 959 (9th Cir. 2022) ("The Eleventh Amendment's grant of state sovereign immunity generally prevents nonconsenting states from being sued by private individuals in federal court." (cleaned up)); see also Mireles v. Waco, 502 U.S. 9, 9-10 (1991) ("A long line of this Court's precedents acknowledges that, generally, a judge is immune from a suit for money damages."); In re Castillo, 297 F.3d 940, 947 (9th Cir. 2002) ("[A]bsolute immunity insulates judges from charges of erroneous acts or irregular actions, even when it is alleged that such action was driven by malicious or corrupt motives, or when the exercise of judicial authority is 'flawed by the commission of grave procedural errors.'" (citations omitted)).

**No Leave to Amend**

Ordinarily, the court liberally grants a pro se plaintiff leave to amend. However, because plaintiff would be unable to cure the above-mentioned legal deficiencies through further

amendment of the complaint, the court concludes that granting leave to amend would be futile, and recommends that this action be dismissed with prejudice.  See Cahill, 80 F.3d at 339.

### RECOMMENDATIONS

Accordingly, IT IS HEREBY RECOMMENDED that:

1. The action be DISMISSED with prejudice for failure to state a claim, pursuant to 28 U.S.C. § 1915(e)(2);
2. Plaintiff's motion to proceed in forma pauperis (ECF No. 2) be DENIED AS MOOT; and
3. The Clerk of Court be directed to CLOSE this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen (14) days after being served with these findings and recommendations, plaintiff may file written objections with the court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

### ORDER

In light of these recommendations, IT IS ALSO HEREBY ORDERED that all pleading, discovery, and motion practice in this action are stayed pending resolution of these findings and recommendations.  Other than objections to the findings and recommendations or non-frivolous motions for emergency relief, the court will not entertain or respond to any pleadings or motions until the findings and recommendations are resolved.

Dated:  April 18, 2022

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

sherr.0275